IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Brunson, | ) C/A No. 3:11-2662-JFA-PJG |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| City of Sumter; <br> County Law Enforcement Center, | ) |
| Defendants. | ) |

Plaintiff, Ronald Brunson, ("Plaintiff"), proceeding *pro se*, brings this civil action against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Plaintiff's Complaint makes the following allegations, verbatim:

About May 30, 2000 retroact to January 01, 1985 has continue to September 14, 2011. Law Enforcement Center Sheriffs, Detectives and City Police never sign victim warrant, nor file all call and written complaints. Concern Mclaughlin Ford Dealership, nor C.I.A. Central Intelligence Agency, nor N.A.A.C.P. National Association Advancement Colored People. Federal Bureau of Investigation 151 Westpark Boulevard, Columbia, South Carolina 29210, United States Marshal Service and Sled SC Law Enforcement Division Disciplinary, and State of South Carolina Governor, and Mayors, and Congressman, and United States Presidentcy. Were many time involved to settle the State of South Carolina Law Enforcement Center 107 East Hampton Avenue, Sumter, South Carolina 29150 misconduct and illegal procedures not willingly to assist with criminals confederate union the Mclaughlins' C.I.A.s' and N.A.A.C.P.s' crimes that Law Enforcement Center covered were employer discrimination firing with wrongful home invasion putted spy camera and listening devices with enter non-owner key or master

> key with C.I.A. and N.A.A.C.P. and personal properties damageous, entire homes, vehicles, clothing and decoration with food and drink and too many homes invasion about thirteen and too many vehicles invasion and destroyed about nineteen and too many furnitures and too many appliances and too many clothing with shoes and bath covering with bath towels, and too many phone bombs.  These were shown to Law Enforcement Center officers but neighter Sheriffs, nor Detective, nor City Police have help me though they were told who the people doing invasion, nor did any sign victim warrants, but because of no assistant they arrested me to be admitted into Mental hospitals and some time jail, trying to protect my life too many times after I captured criminals, but they released.  To this day Law Enforcement Center never called, nor write to inform me if they captured or still investigating all crime.  Request relief restitution money, clemency.

(ECF No. 1 at 3-10.)

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint.  This review has been conducted in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an

arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up

questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Plaintiff's Complaint should be summarily dismissed because he does not have a constitutional right to, or any judicially cognizable interest in, the criminal prosecution or non-prosecution of another person or entity. See Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). "The benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." Town of Castle Rock v. Gonzales, 545 U.S. 748, 768 (2005) (citing DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189 (1989)). The general public's benefit of discretionary police protection and enforcement of the law does not confer upon a private citizen a constitutionally protected individual entitlement to a law enforcement investigation of his claims, and therefore cannot give rise to a constitutionally protected property interest. Harrington v. Cnty. of Suffolk, 607 F.3d 31, 35 (2nd Cir. 2010) (quoting Logan v. Zimmerman Brush Co., 455 U.S. 422, 430 (1982)). As the United States Fourth Circuit Court of Appeals recently explained in Doe v. S.C. Dep't of Soc. Servs., 597 F.3d 163 (4th Cir 2010):

> As a general rule, "the Due Process Clause works only as a negative prohibition on state action," Pinder v. Johnson, 54 F.3d 1169, 1174 (4th Cir. 1995) (en banc), and the state's "failure to protect an individual against private violence simply does not constitute a violation of [it]," DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 197 (1989). "Its purpose was to protect the people from the State, not to ensure that the State protected them from each other." Id. at 196. Thus, it "serves 'as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security,'" Patten v. Nichols, 274 F.3d 829, 836 (4th Cir.



2001) (quoting <u>DeShaney</u>, 489 U.S. at 195), and "does not require governmental actors to *affirmatively* protect life, liberty, or property against intrusion by private third parties," <u>Pinder</u>, 54 F.3d at 1174 (emphasis added); see <u>Patten</u>, 274 F.3d at 836 ("[T]he clause 'confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual.'" (quoting <u>DeShaney</u>, 489 U.S. at 196)).  And, because "the Due Process Clause does not require the State to provide its citizens with particular protective services, it follows that the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them." <u>DeShaney</u>, 489 U.S. at 196-97.

<u>Doe v. S.C. Dep't of Soc. Servs.</u>, 597 F.3d at 170-71.  In the absence of allegations that protective services such as criminal investigations and charges are being withheld solely for an illegally discriminatory reason, a private citizen may not recover damages under § 1983 based on the failure of law enforcement or prosecuting authorities to charge or prosecute certain other private citizens criminally.

Although there is no general constitutional right to police protection, the state may not discriminate in providing such protection, but an equal protection claim for inadequacy of police protection can be sustained only upon proof that the failure to investigate a crime or the non-arrest of a perpetrator was the result of discrimination against a protected class. <u>See</u> <u>McKee v. City of Rockwall</u>, 877 F.2d 409, 418 (5th Cir. 1989); <u>Watson v. Kansas City, Kansas</u>, 857 F.2d 690, 694 (10th Cir. 1988).  Here, no allegation has been made that the defendants failed to act because of a discriminatory reason.  Plaintiff alleges that the defendants wrongfully failed to investigate and prosecute Plaintiff's complaints of home invasions, spy cameras and listening devices, duplicate keys, and damage to homes, vehicles, clothing, food and drink, furniture, appliances, bath towels, and phone bombs. Reports of such activities by Plaintiff seem fantastic, fanciful, and delusional to this court. As noted above, law enforcement agencies are under no constitutional obligation to pursue



criminal investigations and charges based on a third party's rational, well-founded, legally justified complaint. The defendants clearly violated no constitutional interest of Plaintiff by declining to investigate the irrational, unsubstantiated, legally baseless complaints that he alleges he made to them. Moreover, as to these alleged facts asserted by Plaintiff in support of his claim for "restitution, money, clemency,"[1] (ECF No. 1 at 10), the Complaint in this case is also subject to summary dismissal because it is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement[s]" of the basis for the court's jurisdiction and of the basis for Plaintiff's claim against the defendants. Although the court is bound to liberally construe Plaintiff's *pro se* complaint, 28 U.S.C. § 1915 accords courts not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the power to dismiss those claims whose factual contentions are clearly baseless. A plaintiff must do more than make conclusory statements and fantastic, fanciful, and delusional allegations to support his claim. See Brock v. Angelone, 105 F.3d 952, 953-54 (4th Cir. 1997) (finding that prisoner's claim that he was being poisoned or experimented upon via an ingredient in pancake syrup served at his prison was fanciful or delusional, and the appeal was dismissed as frivolous with sanctions); Feurtado v. McNair, C/A No. 3:05-1933-SB, 2006 WL 1663792 (D.S.C. June 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), aff'd, 227 F. App'x 303 (4th Cir. May 15, 2007). Plaintiff's allegations that the defendants wrongfully failed to investigate and prosecute Plaintiff's complaints of

---

[1] This court cannot grant Plaintiff a pardon or clemency for state or federal crimes. See Herrera v. Collins, 506 U.S. 390, 412-14 (1993) (outlining history of executive pardon power and clemency in the United States).



home invasions, spy cameras, etc. seem fantastic, fanciful, and delusional. Therefore, because the alleged factual basis for Plaintiff's lawsuit is plainly delusional, irrational, and wholly beyond belief, the case is subject to summary dismissal on the additional ground that it is frivolous.[2]

Finally, Plaintiff alleges that, rather than arresting Mclaughlin Ford Dealership, the CIA, or the NAACP, "they arrested me to be admitted into Mental hospitals and some time jail, trying to protect my life too many times after I captured criminals, but they released." (ECF No. 1 at 8.) The court takes judicial notice of the fact that Plaintiff, after being arrested on June 23, 2010, pled guilty to arson, third degree (indictment no. 2011-GS-43-898), on June 10, 2011, in Sumter County General Sessions Court, and was sentenced to ten years' imprisonment, suspended on five years' probation, payment of restitution of $20,000, and the requirement that Plaintiff "must continue to receive mental health treatment & stay on prescribed medications." See Sumter County Third Judicial Circuit Public Index, http://www.sumtercountysc.org/publicindex/PISearch.aspx?CourtType=G

---

[2] The court takes judicial notice of Plaintiff's other current proceedings in this court, in which Plaintiff makes similar delusional allegations involving electronic surveillance devices implanted in his body by the FBI, CIA, and SLED. See C/A Nos. 11-2659, 11-2660, 11-2662; Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). Plaintiff's complaints in three pending cases, i.e. C/A Nos. 11-2314, 11-2313, and 11-2132, have all been recommended for summary dismissal by the undersigned United States Magistrate Judge because of Plaintiff's failure to state a claim on which relief may be granted by the court. In previous actions in this court Plaintiff has alleged the same type of fantastic, fanciful, and delusional claims involving the FBI, CIA, SLED, and NAACP, among others, which have been summarily dismissed as factually and/or legally frivolous. See C/A Nos. 11-3214, 11-3213, 11-3212. As the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances, "[t]he District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient." Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).



(last visited October 6, 2011).³  Thus, to the extent that Plaintiff's Complaint could be liberally construed as an attempt to state a claim against the defendants for the unconstitutional arrest, prosecution, or imprisonment of Plaintiff himself, such a claim is subject to summary dismissal because no right of action has accrued under Heck v. Humphrey, 512 U.S. 477 (1994).  "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486-87; see Brooks v. City of Winston-Salem, N.C., 85 F.3d 178 (4th Cir. 1996).

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 21, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

³ See St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979) ("federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); see also Williams v. Long, 585 F.Supp.2d 679, 687-88 (D. Md. 2008) (noting that some courts have found postings on government web sites as inherently authentic or self-authenticating).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u>  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).